IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMAR PETERSON,  Case No. 2:21-cv-311

    Plaintiff,  **CIVIL COMPLAINT**

    vs.

UNITED PARCEL SERVICE,

    Defendant.

### COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, by and through his trial attorney, Erik M. Yurkovich, Esq., who files this Civil Complaint, based upon the following.

### I. PARTIES

1. The Plaintiff is Jamar Peterson ("Peterson"), former employee of Defendant, that lives at 250 Hyer Avenue, Apartment 53C, North Versailles, PA 15137.

2. The Defendant is United Parcel Service ("UPS"), former employer of Plaintiff, that has a primary place of business located at Glenlake Parkway, NE, Atlanta, GA 30328.

### II.   JURISDICTION

3. This Court has jurisdiction pursuant to legal question.

4. Plaintiff files claims of race discrimination and retaliation in employment pursuant to Title 42 U.S.C. § 1981.

5. Plaintiff also files comparable claims pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiff filed E.E.O.C. Charge No. 533-2020-1592 that was dismissed on December 8, 2020 and Charge No. 533-2021-254 which is pending. All

claims are brought now together because they are both duplicative to the claims brought pursuant to Section 1981 and it is in the best interest of judicial economy.

### III.    FACTS

6. Peterson is an adult male over the age of 37.

7. Peterson is black and diabetic.

8. Peterson began working for UPS in September 2019 in the position of delivery driver.

9. Peterson worked as a "Reg Temp" and was entitled to 8 hours of work per day.

10. Peterson earned $21.00 per hour and averaged over 40 hours a week and earned overtime.

11. Jill Jones ("Jones") was Peterson's supervisor.

12. Jones trained Peterson for only 2 days in March of 2020 because of his race.

13. White drivers received a required 5 days of training.

14. On March 7, 2020, Jones suspended Peterson for 2 weeks for failing to complete one of his stops.

15. Jones also falsely told Peterson he was not in the union, Teamsters Local 249.

16. Peterson discovered he was in the union as of January 2020 and immediately filed a grievance to get back to work.

17. On March 21, 2020, supervisor, Kevin, told Peterson that he was going to be reassigned to loading trucks in the warehouse and have his pay decreased to $14.00 per hour.

18. After a successful grievance on March 24, 2020, Peterson returned to work on March 25, 2020.

19. On April 7, 2020 Peterson witnessed supervisors Jones, Mark Goodwin ("Goodwin") and Kevin following him at work.

20. On April 10, 2020 Peterson filed a harassment grievance against them.

21. On April 11, 2020 Kevin retaliated and intentionally overloaded Peterson so he would not complete deliveries.

22. On April 14, 2020 Jones and Kevin attempted to suspend Peterson for 3 days for alleged driving infractions.

23. On April 15, Peterson filed a harassment grievance against Kevin.

24. On April 16, 2020, Kevin tried to suspend Peterson for 3 days for failing to complete deliveries on April 11, 2020.

25. On April 11, 20202, Peterson was having trouble with his diabetes there was no supervisor available to contact. Peterson worked through lunch but was unable to complete his assigned deliveries.

26. On April 17, 2020, Peterson engaged in protected activity and filed a grievance against Kevin.

27. Peterson also complained about race discrimination and alleged Kevin and Jones were treating black employees less favorably than white employees such as Mike Gregory ("Gregory") and Stacey.

28. Specifically, Peterson complained that Jones reassigned black employees to the warehouse and reduced their pay without good cause.

29. Jones told Peterson that Gregory was too old to be a driver.

30. On April 21, 2020, Kevin issued Peterson a 3 day suspension for allegedly urinating in a bottle in the truck.

31. Peterson denied the allegation and filed a grievance.

32. On April 21, 2020 Peterson was making deliveries with an overloaded truck and did not complete deliveries due to safety concerns (approaching homes late at night).

33. On April 22, 2020, Dispatcher, Chris Mertz ("Mertz") and a manager reprimanded Peterson about incomplete deliveries on April 11 and 21, 2020.

34. Peterson explained the situations for each, his disability, safety concerns and the policy.

35. On April 23, 2020, the preload manager and Mertz terminated Peterson for being "dishonest."

36. Peterson was not dishonest and followed policy and safety concerns.

37. Peterson filed his first Charge of Race Discrimination and Retaliation with the Equal Employment Opportunity Commission on May 26, 2020 (Charge Number 533-2020-1592).

38. Claimant received unemployment compensation because he did not violate policy.

39. Peterson was reinstated in September of 2020 after a "panel meeting" was held with UPS.

40. From September 21-25, 2020, Mertz and Building Manager, Don, harassed Peterson.

41. Don and Mertz summoned Peterson into their office daily, without a legitimate business reason to do so, and threatened his job.

42. On October 27, 2020, Don terminated Peterson for failing to deliver a package on his truck that was not in his "diad," meaning his route (Shiloh Street).

43. Don also admitted retaliation saying, "I didn't want to bring you back before."

44. Peterson did not receive any termination letter and he did not violate UPS policy.

45. The final termination was discriminatory, as no white employee has been terminated under the same circumstances.

46. The final termination was admittedly retaliatory for Peterson's continuing complaints of race discrimination.

47. Peterson filed a subsequent charge, No. 533-2021-254, which remains under investigation but may be released if requested by Peterson.

## COUNT I: RACE DISCRIMINATION

48. Plaintiff repeats all prior allegations herein.

49. Plaintiff is black.

50. Plaintiff was qualified to be a driver.

51. Plaintiff suffered a series of disciplinary actions because of his race.

52. Plaintiff was terminated as a result of his race.

53. The offered reason in support of termination is not supported by UPS policy.

54. Plaintiff requests a Judgment in his favor, compensatory and punitive damages, all costs and fees and attorney fees.

## COUNT II: RETALIATION

55. Plaintiff repeats all prior allegations herein.

56. Plaintiff engaged in protected activity.

57. Within a short proximity of time after engaging in protected activity, Plaintiff's job was threatened and he was terminated without cause.

58. Plaintiff requests a Judgment in his favor, compensatory and punitive damages, all costs and fees and attorney fees.

    WHEREFORE Plaintiffs prays for a judgment against the Defendant.

**JURY TRIAL DEMANDED**

Respectfully submitted,

ERIK M. YURKOVICH, ESQ.
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199
erik.yurkovich@gmail.com