IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR PETERSON, </br></br> Plaintiff, </br></br> v. </br></br> UNITED PARCEL SERVICE, </br></br> Defendant. | 2:21-cv-311-NR |

## MEMORANDUM ORDER

Presently before the Court is Defendant United Parcel Service's motion to dismiss the amended complaint.  ECF 13.  UPS argues that Plaintiff Jamar Peterson fails to adequately plead claims of retaliation and race discrimination under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.  While Mr. Peterson's amended complaint is not a model of clarity, the Court finds that Mr. Peterson has pled sufficient allegations and reasonable inferences to state plausible claims for relief.[1]  The Court therefore denies UPS's motion to dismiss.

UPS first argues that Mr. Peterson fails to plead a cognizable adverse employment action to sustain his race discrimination claims.  ECF 14, p. 4.  UPS also

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (cleaned up).  Any reasonable inferences should be considered in the light most favorable to the plaintiff.  *See Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).  And the defendant bears the ultimate burden of showing that its motion to dismiss should be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

argues that Mr. Peterson does not adequately allege any comparator to support his claims. *Id.* at pp. 5-6. The Court disagrees on both points.

To begin with, Mr. Peterson has pled sufficient allegations plausibly showing that his terms, conditions, or privileges of employment were adversely affected by the alleged discrimination. Most evident is that Mr. Peterson alleges that he was suspended and then terminated because of his race, following the culmination of various events showing racial animosity against Mr. Peterson in the workplace. *E.g.*, ECF 11, ¶¶ 18, 28-29, 42-44, 55, 60-65, 78. Further, as to a comparator, while Mr. Peterson will have to detail a proper comparator as this case progresses, his general allegations suffice at this stage. *E.g.*, *id.* at ¶¶ 15, 18, 32, 34, 67; *see also Miller v. Tithonus Tyrone, L.P.*, No. 20-cv-31, 2020 WL 2065941, at *5 (W.D. Pa. April 29, 2020) (Gibson, J.) ("Courts in this district have permitted Title VII claims to proceed without identification of specific comparators[.]"); *Soenen v. Keane Frac, LP*, No. 20-cv-1297, 2021 WL 2290823, at *5 (M.D. Pa. June 4, 2021) ("Plaintiffs do not need to allege facts identifying potential comparators to survive a motion to dismiss[.]"); *Butler v. Artic Glacier USA*, No. 15-3302, 2016 WL 11697599, at *1, n.1 (E.D. Pa. Feb. 1, 2016) (noting that "detailed information about comparators" is not needed at the pleading stage). Drawing all reasonable inferences in his favor, Mr. Peterson has met his pleading burden on his race discrimination claims.

UPS next argues that Mr. Peterson fails to sufficiently plead a retaliation claim, because he does not allege any protected activity. ECF 14, pp. 6-7. The Court disagrees.[2] Again drawing all reasonable inferences in Mr. Peterson's favor, and

---

[2] UPS also argues, in its reply brief, that there is a lack of temporal proximity between the alleged adverse action and protected activity. ECF 17, p. 4. But this is not dispositive. *See Daniels v. School Dist. of Phila.*, 776 F.3d 181, 196 (3d Cir. 2015) ("In the absence of such a close temporal proximity, we consider the circumstances as a whole, including any intervening antagonism by the employer, inconsistencies in the reasons the employer gives for its adverse action, and any other evidence suggesting that the employer had a retaliatory animus when taking the adverse action."

considering the allegations of racial animus presented throughout the complaint, Mr. Peterson sufficiently pleads that he complained of, and reported, race discrimination that he (and others) experienced. *E.g.*, ECF 11, ¶¶ 28-29, 42-43, 49, 57, 63, 85. He thus sufficiently alleges that he engaged in protected activity.

Accordingly, this **22nd day of October, 2021**, it is **hereby ORDERED** that Defendant's motion to dismiss (ECF 13) is **DENIED.** This is without prejudice to Defendant raising its same arguments on a more developed factual record at summary judgment.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

(citations omitted)).  Mr. Peterson has alleged a number of instances of antagonism by his supervisors (*e.g.*, ECF 11, ¶¶ 14-18, 26-29, 32, 42-44, 60-65), and therefore has plausibly alleged at this stage a causal connection for purposes of his retaliation claims.